Story *vs.* Kemp.

---

BENJAMIN A. STORY, plaintiff in error, *vs.* MORGAN KEMP, administrator, defendant in error.

A plea to an action by an administrator, on a note given him for land bought by the defendant at administrator's sale, that the heirs-at-law were alone interested in the note, and that after the sale the heirs-at-law had brought suit against the defendant for the land, and put him to great expense in defending the suit, is not a good plea in defense of the suit on the note, and it was not error in the court to strike it on demurrer.

Story *vs.* Kemp.

Administrators.   Pleadings.   Before Judge JAMES JOHN-
SON.   Marion Superior Court.   April Term, 1873.

Morgan Kemp, as administrator upon the estate of John
Kemp, deceased, brought complaint against Benjamin A.
Story, on a due-bill for $1,000 00, dated March 5th, 1870,
with a credit thereon of $100 00, of date January 7th, 1873.
Amongst other pleas, the defendant filed the following :

That the heirs-at-law of John Kemp, deceased, are alone
interested in the note sued on ; that said note was given for
certain lands sold by the plaintiff as the property of the de-
ceased ; that said heirs-at-law instituted an action of ejectment
against the defendant for the recovery of said lands, whereby
he was compelled to expend the sum of $500 00 as attorneys'
fees in defending said suit, which amount he pleads by way of
set-off and recoupment to the note.

Upon demurrer, this plea was stricken, and the defendant
excepted.

M. H. BLANFORD ; E. H. WORRILL, for plaintiff in error.

B. B. HINTON & SON, by MARTIN J. CRAWFORD, for de-
fendant.

McCAY, Judge.

Admitting, what does not, even under our liberal system of
administering equitable relief at law, very clearly appear, that
any defense good against the heirs would be good against the
administrator, we still think the judge was right in dismiss-
ing this plea.   The substance of it is, that the heirs have
damaged the defendant by bringing an action against him to
recover the land for the purchase of which the note was
given.   There is no breach by them of any contract, express
or implied, alleged.   The administrator's sale was not a sale
with warranty, and so far as we can see, there was nothing in
the sale by virtue of which it was even implied that the heirs
should not sue for the land.   Recoupment is allowed when

Story *vs.* Kemp.

the defendant has got damage because of the failure of the plaintiff to comply with some obligation on his part, either express or implied, in the contract, for the enforcement of which the suit is brought. Admit that the sale passed all the title the ancestor had. But suppose the heirs had thought the sale was for any reason void; suppose they had the belief that the sale was fraudulent, that there was complicity between the administrator and the purchaser; suppose they had thought there was no order to sell, or that it was improperly obtained, and that they had a right to treat the sale as null and sue for the land, must they do so under the condition that if they fail they are liable to pay to the purchaser the expense and trouble they may put him to under some supposed contract made for them by the administrator by the very fact of sale? We see nothing of such a *contract*, either by virtue of any deed that the administrator could make or by reason of the nature of the transaction. To sustain this plea, the defendant's rights must grow out of a contract express or implied, since a tort cannot be set off against a contract. The most that can, even in abstract justice, be contended for by the defendant is, that as the heirs have damaged him by bringing a suit against him, in which they failed, he has an action on the case against them for the damages.

But does not the law furnish the measure of damage for such a suit in ordinary cases, to-wit: the costs? Could justice be said to be free if every suitor was to be subject to damage if he failed in his suit? By ancient custom every suitor failing in his claim is liable to be mulct in the costs of his adversary as well as his own, but this is the farthest that has ever been allowed for simple failure. In England this included *attorney's cost*, fees allowed by law to them as officers of court. But our law has abolished such fees and costs, and in doing so has furnished no means by which the defendant is to be reimbursed for counsel fees in ordinary cases. If it could be shown that a suit was frivolous and malicious, an action on the case might lie. In some cases our statutes allow damages where either party acts merely to delay the other,

and this is, doubtless, in analogy to the action on the case for a frivolous and malicious suit.

This right is no hindrance to a wide open door of the courts, since freedom of access is perfectly consistent with a penalty if this right be abused causelessly and frivolously and in bad faith.    Under the facts set forth, even a right of action on the case is not made out, since the fundamental element of an action for bringing a suit is not charged, to-wit: that the suit was frivolous and malicious.    Perhaps it was brought in good faith under a mistake or misapprehension of law and fact. We think there is no law, and ought to be none, giving an action on the case for damages for such a suit.    Such a law would be a bar to the "open court," provided for by the constitution, and be bad public policy.

Judgment affirmed.